**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD MCDANIEL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IMAGO BIOSCIENCES, INC., DENNIS HENNER, ROBERT BALTERA, DINA CHAYA, HUGH Y. RIENHOFF, JR., ENOCH KARIUKI, and LAURIE KEATING,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard McDaniel ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Imago BioSciences, Inc. ("Imago" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Merck & Co., Inc. ("Merck").[1]

2. On November 19, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Merck Sharp & Dohme LLC ("Parent"), a subsidiary of Merck, and Parent's wholly owned subsidiary M-Inspire Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Imago stockholders will receive $36.00 in cash per share of Imago common stock, via a tender offer (the "Tender Offer"). [2]

3. The Company's corporate directors subsequently authorized the December 12, 2022, filing of the materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

---

[2] Merger Sub commenced the Tender Offer on December 12, 2022.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on January 10, 2023.

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of IMAGO common stock.

10. Defendant Imago is a Delaware corporation with its principal executive offices located at 303 Twin Dolphin Drive, 6th Floor, Redwood City, California 94065. Imago's shares trade on the Nasdaq Global Select Market under the ticker symbol "IMGO." Imago is a clinical-stage biopharmaceutical company focused on discovering and developing small molecule product candidates that target lysine-specific demethylase-1 ("LSD1"), an enzyme that plays a central role in the production of blood cells in the bone marrow. The Company's lead product candidate is bomedemstat for the treatment of certain myeloproliferative neoplasms, a family of related, chronic cancers of the bone marrow. Bomedemstat is currently being evaluated in multiple Phase 2 clinical trials for the treatment of myelofibrosis, essential thrombocythemia, and polycythemia vera.

11. Defendant Dennis Henner is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Robert Baltera is and has been a director of the Company at all times relevant hereto.

13. Defendant Dina Chaya is and has been a director of the Company at all times relevant hereto.

14. Defendant Hugh Y. Rienhoff, Jr. is a founder of the Company and is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

15. Defendant Enoch Kariuki is and has been a director of the Company at all times relevant hereto.

16. Defendant Laurie Keating is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On November 21, 2022, Merck and Imago jointly announced in relevant part:

RAHWAY, N.J. & SOUTH SAN FRANCISCO, Calif.--(BUSINESS WIRE)-- Nov. 21, 2022-- Merck (NYSE: MRK), known as MSD outside the United States and Canada, and Imago BioSciences, Inc. ("Imago") (Nasdaq: IMGO) today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, will acquire Imago for $36.00 per share in cash for an approximate total equity value of $1.35 billion.

"We continue to invest in our pipeline with a focus on applying our unique capabilities to unlock the value of breakthrough science for the patients we serve," said Robert M. Davis, president and chief executive officer, Merck.

"This acquisition of Imago augments our pipeline and strengthens our presence in the growing field of hematology."

Imago is a clinical stage biopharmaceutical company developing new medicines for the treatment of myeloproliferative neoplasms (MPNs) and other bone marrow diseases. Imago's lead candidate bomedemstat (IMG-7289), an investigational orally available lysine-specific demethylase 1 (LSD1) inhibitor, is currently being evaluated in multiple Phase 2 clinical trials for the treatment of essential thrombocythemia (ET), myelofibrosis (MF), and polycythemia vera (PV), in addition to other indications.

"This milestone is a testament to more than a decade of pioneering research by Imago scientists and the entire Imago team's unwavering dedication to improving the lives of patients," said Dr. Hugh Y. Rienhoff, Jr., Founder and Chief Executive Officer, Imago BioSciences. "This agreement leverages Merck's industry-leading clinical development expertise to maximize the therapeutic potential of bomedemstat while providing important value for shareholders. I would also like to acknowledge with gratitude the early investors – Blackstone Life Sciences, Frazier Healthcare, Omega Funds, Amgen Ventures, and MRL Ventures Fund who placed their faith in Imago beginning in 2014, as well as the outstanding study investigators and their patients who have made the clinical development of bomedemstat possible."

"Evidence indicates that LSD1 plays an important role in the maturation of blood cells in the bone marrow," said Dr. Dean Y. Li, president, Merck Research Laboratories. "We look forward to working with the Imago team to further investigate the potential of bomedemstat for patients with myeloproliferative neoplasms."

Under the terms of the acquisition agreement, Merck, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Imago. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Imago's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. Upon the successful completion of the tender offer, Merck's acquisition subsidiary will be merged into Imago, and any remaining shares of common stock of Imago will be canceled and converted into the right to receive the same $36 per share price payable in the tender offer. The transaction is expected to close in the first quarter of 2023.

**Myeloproliferative neoplasms**
Myeloproliferative neoplasms are a group of diseases of the bone marrow characterized by excessive production of red blood cells, platelets, or certain white blood cells. Myeloproliferative neoplasms progress over time as the

number of extra cells build up in the blood and/or bone marrow. This may lead to bleeding problems, anemia, infection, fatigue, thrombosis or other signs and symptoms. Certain myeloproliferative neoplasms may become acute myeloid leukemia (AML). Myeloproliferative neoplasms include chronic myelogenous leukemia (CML), polycythemia vera, primary myelofibrosis, essential thrombocythemia, chronic neutrophilic leukemia, and chronic eosinophilic leukemia.

**About lysine-specific demethylase 1 (LSD1)**
LSD1, also called KDM1A, discovered in 2004, is a member of a group of epigenetic proteins that regulate gene expression through chemical modifications of proteins, RNA and DNA. LSD1 regulates the maturation of bone marrow stem cells and is essential for the differentiation of progenitor cells into mature megakaryocytes and granulocytes and production of blood cells. Given the role that LSD1 plays in the function of malignant blood cells, targeting LSD1 for the treatment of blood cancers offers a new mechanism for the treatment of diseases associated with high morbidity and mortality.

**The Materially Incomplete and Misleading Solicitation Statement**

19. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on December 12, 2022. The Solicitation Statement, which recommends that IMAGO stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (b) potential conflicts of interest faced by Centerview.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Centerview's Financial Analysis*

20. The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including their underlying assumptions and any "risk

adjustments" made thereto.[4] The Solicitation Statement further fails to disclose the Company's non-risk-adjusted projections.

21. The Solicitation Statement fails to disclose material information concerning Centerview's financial analysis.

22. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's terminal values; and (b) the Company's fully diluted shares outstanding.

23. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and the sources thereof.

24. With respect to the *Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

25. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Merck's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

26. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Imago's Financial Advisor," "Background of the

---

[4] *See* Solicitation Statement at 24.

Offer and the Merger," and "Interests of Imago Executive Officers and Directors" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

27. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Imago will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

28. Plaintiff repeats all previous allegations as if set forth in full.

29. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Imago stockholders to tender their shares in the Tender Offer.

30. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

31. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

32. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

33. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

34. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Imago, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

39. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Imago stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning Centerview's financial analyses, the background of the Proposed Transaction, and Centerview's and Company insiders' potential conflicts of interest.

40. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

41. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of IMAGO within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Imago, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

46. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving

the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Imago stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 14, 2022      **LONG LAW, LLC**

      By:  */s/ Brian D. Long*
      Brian D. Long (#4347)
      3828 Kennett Pike, Suite 208
      Wilmington, DE 19807
      Telephone: (302) 729-9100
      Email: BDLong@LongLawDE.com

      *Attorneys for Plaintiff*